IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARKESE CLARK,<br>    Plaintiff | )<br>)<br>) |
| vs. | )    C.A. No. 08-95Erie<br>)    District Judge McLaughlin<br>)    Chief Magistrate Judge Baxter<br>) |
| JAMES SHERMAN, et al.,<br>    Defendants. | )<br>) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss or in the alternative for summary judgment [Document # 13] be granted and that Defendants' renewed motion to dismiss or in the alternative for summary judgment [Document # 20] be granted.

The Clerk of Courts should be directed to close this case.

**II.  REPORT**

    **A.  Relevant Procedural History**

On December 22, 2006, Plaintiffs Keith Ellis, Marvin Holland, Antwon Rogers, Siddiq Hamid, Ronald Clifford, Desmond Singh, and Markese Clark, all federal inmates at that time incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean"), filed a *pro se* action at Civil Action Number 06-305E (referred to herein as "the *Ellis* action"). In that case, Plaintiffs were Sunni Muslim inmates who alleged statutory, constitutional and tort claims related to the alleged denial of Halal lamb for the religious and ceremonial meal in celebration of Eid in January 2005. Named as Defendants to the *Ellis* action were: the United States of America; James Sherman, former Warden of FCI McKean; Gary Grimm, former Assistant

1

Warden of FCI McKean; Jan Olowin, Supervisory Chaplin of FCI McKean; Brian Grimm, Chaplain of FCI McKean; Scott Dodrill, Northeast Regional Director of the Bureau of Prisons; Henry Sadowski, Northeast Regional Counsel of the Bureau of Prisons; and Gerald Desio, Food Service Supervisor of FCI-McKean.[1]

Plaintiff Markese Clark filed a motion to sever his claims from the claims of the others in C.A.No. 06-305E, which this Court granted. Plaintiff Clark was allowed to file a separate action here at C.A. No. 08-95E and was permitted time to file an amended complaint.

In his first amended complaint, Plaintiff raises two causes of action. First, Plaintiff complains: "On January 4, 2005, Inmate Ellis (the representative for the Sunni Muslim Comm.) submitted a request to hold the Annual Feast on the Eid-ul-Adha on (Jan. 20 or 21) of 2005. The food requested was halal Lamb or Ram, Fish and other foods that may be considered Halal by the Muslim Faith." Further, Plaintiff alleges: "under color of the federal law, Jan C. Olowin, Brian Grimm, James F. Sherman, and Gary Grimm violated the Muslim Community's right to exercise their religious practices." Named as Defendants to this action are: the United States of America[2]; James Sherman, former Warden of FCI McKean; Gary Grimm, former Assistant Warden of FCI McKean; Jan Olowin, Supervisory Chaplin of FCI McKean; Brian Grimm, Chaplain of FCI McKean; and Gerald Desio, Food Service Supervisor of FCI-McKean. Document # 10. Defendants moved to dismiss or for summary judgment. Document # 13.

Thereafter, Plaintiff filed a second amended complaint. In his second amended

---

[1] In the *Ellis* action, a Report and Recommendation was issued on November 18, 2008 recommending that the motion to dismiss or for summary judgment be granted as to all counts. The Report and Recommendation addressed the merits of Plaintiff Ellis' claims under Bivens, the FTCA, RLUIPA, and RFRA.

[2] Any *Bivens* claims against the United States must be dismissed based upon sovereign immunity. See F.D.I.C. v. Meyer, 510 U.S. 471, 477-78 (1994); Johnstone v. United States, 980 F.Supp. 148, 151 (E.D. Pa. 1997) (explaining that *Bivens* actions "may only be maintained against federal officers; sovereign immunity bars such actions against the United States or agencies thereof.").

complaint, Plaintiff complains:

> First Cause of Action - On January 4, 2005, Inmate Ellis (the representative for the Sunni Muslim community), submitted a request to hold the Annual Feast on the Eid-ul-Adha, on (Jan.20,21) of 2005. The Food requested was Halal Lamb or Ram, Fish, and other foods that may be considered "Halal" by the Muslim Faith. This request was denied for the Muslim community, but given to the other Faith groups. The Traditional ritual foods for the other Faith groups, were given. This was a complete violation of the Sunni Muslim's Constitutional rights under the (5th) Amendment, and the Religious land use, and Institutionalized Persons Act 42 U.S.C. 2000-2005, and the Religious Freedom Restoration Act 42 U.S.C. 2000bb-2000bb-4. [sic]
>
> Second Cause of Action - Under the 'color of the Federal law,' Dan C. Olowin [sic], Brian Grier [sic], James F. Sherman, and Gary Grimm violated the Muslim community's right to exercise their Religious practices ... as stated in the 5th Amendment, and knowingly denied them the Right, knowing that by not doing for the Muslim community ... as they did for the others would violated the Rights of the Muslim community.

Document # 19. Plaintiff does not bring an FTCA claim in this action. See Document # 22, Plaintiff's Opposition Brief, page 24.

Defendants renewed their motion to dismiss or for summary judgment. Document # 20. Plaintiff has filed a brief in Opposition to the pending dispositive motions. Document # 22. The issues have been fully briefed and are ripe for disposition by this Court.

### B. Standards of Review

#### 1. *Pro se* pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992);

3

Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss pursuant to Rule 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion

School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

### 3. Motion for summary judgment pursuant to Rule 56

Plaintiff and Defendants have attached several exhibits to their respective pleadings. Therefore, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if

appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the

dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

    **C.    The Prison Litigation Reform Act**

    **1)    The Exhaustion Requirement**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Cutter v. Wilkinson, 544 U.S. 709, 723 n.12 (2005) (noting that the PLRA requires that "a prisoner may not sue under RLUIPA without first exhausting all available administrative remedies."). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies.[3] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

---

[3] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

7

A plaintiff need not affirmatively plead exhaustion. Jones v. Bock, 549 U.S. 199, ___, 127 S.Ct. 910, 921 (Jan. 22, 2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). Instead, it is the burden of a defendant asserting the defense to plead and prove it. Jones, 549 U.S. at ___, 127 S.Ct. at 921.

The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83. See also Spruill v. Gillis, 372 F.3d 218, 228-229 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

### 2) The Administrative Process Available to Federal Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to federal inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to

system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at ___, 127 S.Ct. at 922-23.

The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1997). First, "an inmate shall ... present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request [to the Warden], on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). The warden has twenty (20) days in which to respond. 28 C.F.R. § 542.18. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate form (BP-10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response. 28 C.F.R. § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form (BP-11), to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. The Regional Director has thirty (30) days and the General Counsel has forty (40) days to respond. 28 C.F.R. § 542.18.

### 3) Analysis

Defendants argue that Plaintiff Clark has not exhausted his administrative remedies as to the issue of the ceremonial feast and that both the *Bivens* and statutory claims must be dismissed under the PLRA. Defendants have provided evidence that Plaintiff Clark did not file any grievance as to this issue during the relevant time frame. Document # 14-2, Declaration of Rosalind Bingham, Paralegal Specialist, Federal Bureau of Prisons, ¶ 17.

In his Opposition Brief, Plaintiff argues that Inmate Ellis exhausted administrative remedies on behalf of all Sunni Muslims at FCI-McKean and that he should be permitted to

9

proceed with this lawsuit. Document # 22, pages 14-16. See also Documents ## 10, 19. In support of this argument, Plaintiff cites Bureau of Prisons' Program Statement 1330.13, Section Six which indicates "the president of a *recognized inmate organization* may submit a request on behalf of that organization regarding an issue that specifically affects that organization." Document # 22, page 14 (emphasis added).

Defendants refute this argument. The terms "recognized" and "inmate organization" are explained in Program Statement 5381.05. Document # 14-17, Declaration of Executive Assistant Monica Recktenwald, ¶ 2; Document # 14-19, Program Statement 5381.05 (establishing basic procedures concerning the establishment, regulation and operation of inmate organizations and providing a uniform system whereby all organizations will operate within a similar framework of administrative and financial management.). Although the Bureau of Prisons permits "inmate organizations for recreational, social, civic and benevolent purposes," religious groups are not included. Moreover, the Program Statement explains that to be a "recognized"organization, the inmate organization must request prior approval from the Warden. Id. The record evidence demonstrates that there were no "recognized inmate organizations" at FCI McKean during the relevant time frame. Document # 14-17, Recktenwald Declaration, ¶ 4. Therefore, Ellis could not have exhausted administrative remedies on behalf of anyone else as he was not authorized to do so under the Program Statements. Williams v. Beard, 482 F.3d 637, 639 (3d Cir.2007) quoting Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir.2004) ("'[P]rison grievance procedures supply the yardstick' for determining what steps are required for exhaustion.").

Accordingly, the motion for summary judgment should be granted because Plaintiff Clark has not exhausted his administrative remedies in accordance with the requirements of the PLRA.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss or in the alternative for summary judgment [Document # 13] be granted and that Defendants' renewed motion to dismiss or in the alternative for summary judgment [Document # 20] be granted.

The Clerk of Courts should be directed to close this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
Chief United States Magistrate Judge

Dated: December 18, 2008